DR. EROL BASTUG, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dr. Erol Bastug, Inc. v. Commissioner
Docket No. 45933-85R.
United States Tax Court
T.C. Memo 1989-262; 1989 Tax Ct. Memo LEXIS 262; 57 T.C.M. (CCH) 562; T.C.M. (RIA) 89262; 11 Employee Benefits Cas. (BNA) 1120; May 30, 1989. *262 In October 1981, P executed pension and profit sharing plans modeled after those of a previous employer which had received a favorable determination from the IRS in 1969. P's plans were not submitted to the IRS for initial qualification until March 1984, after the IRS notified P that its 1981 profit sharing plan return was under examination. After restructuring the plans in accordance with suggestions of the IRS, P received a favorable determination for its plans for post 1983 years. P received a final adverse determination letter for its plans for 1981-1983. Having exhausted its administrative remedies with the IRS, P petitioned the Tax Court for a redetermination of its plans' qualification for 1981-1983 in a declaratory judgment proceeding under sec. 7476(a), I.R.C. 1954, as amended. On its motion, P requests a trial, or in the alternative, the opportunity to take depositions to introduce evidence to prove that the Commissioner abused his discretion by not giving the amended plans retroactive effect. Held, P failed to demonstrate good cause why we should allow P to augment the administrative record, having had adequate opportunity to introduce this evidence into the record *263 during the administrative determination proceeding prior to the issuance of the final adverse determination letter. Tamko Asphalt Products, Inc. v. Commissioner,658 F.2d 735 (10th Cir. 1981), and Houston Lawyer Referral Serv. v. Commissioner,69 T.C. 570 (1978), followed. Jolyon W. McCamic, for *264 the petitioner. Paul S. Horn, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(1) and Rule 180, et seq. [1] This case is before the Court on petitioner's Motion to Calendar for Trial. Dr. Erol Bastug, a radiologist, left the employ of Dr. Barger & Associates, a West Virginia corporation, in late 1980. In the early part of 1981, he contacted the Trust Department of Wheeling National Bank (the Bank) to enter into pension and profit sharing plans similar to those in effect for Dr. Barger & Associates. On July 16, 1981, the Bank's trust officer sent to petitioner's counsel copies of Dr. Barger's plans and a favorable determination letter with respect to those plans from the Internal Revenue Service (IRS), dated April 16, 1969. Counsel for petitioner drafted the pension and profit sharing plans which petitioner executed in October of 1981, *265 to be effective January 1, 1981, and submitted them to the Bank. Petitioner's certified public accountant filed Forms 5500-C "Return/Report of Employee Benefit Plan" reflecting contributions to the plans for 1981, 1982 and 1983. In response to question no. 25 on the 1981 Form 5500-C filed for petitioner's profit sharing plan, petitioner represented that the plan was intended to qualify under section 401(a) and that petitioner had received a favorable determination letter for the plan from the IRS. The District Director, IRS, Cincinnati, Ohio, notified petitioner by letter dated February 2, 1984, that the IRS was examining petitioner's 1981 profit sharing plan return and asked for additional information. The District Director wrote petitioner again on February 27, 1984, requesting the information. It was at this time that petitioner first discovered its plans had not been submitted to the IRS for determination letters. On March 23, 1984, petitioner applied for initial qualification of its plans by filing Forms 5300 "Application for Determination for Defined Benefit Plan" and 5301 "Application for Determination for Defined Contribution Plan." During the administrative determination *266 procedure, respondent asked petitioner to restructure the plans. On or about May 26, 1984, petitioner submitted prototype pension and profit sharing plans from Massachusetts Mutual Life Insurance Company along with a Form 5307 "Short Form Application for Determination for Employee Benefit Plan," asking for a determination of the plans as amended May 24, 1984, to be effective January 1, 1981. Respondent made a favorable determination dated July 11, 1984, as to the plans submitted with the Form 5307, effective for plan years beginning after December 31, 1983. On November 26, 1984, the District Director notified petitioner that, based on his examination of petitioner's Form 5500-C submitted for 1981, he had made a proposed determination that petitioner's profit sharing plan did not qualify under section 401(a). On December 24, 1984, petitioner appealed the decision to the Regional Director of Appeals, Cincinnati, Ohio, by filing a protest which included a statement of facts and a presentation of the issue with cases and arguments in support of petitioner's position. In this protest, petitioner requested a conference at which it could present oral testimony and argument in support *267 of its position. A hearing was scheduled for March 21, 1985, in Detroit, Michigan. The appeals officer advised petitioner that it could present facts, arguments and legal authority to support its position, but requested that petitioner give advance notice of any new evidence or information to be introduced. For reasons not stated in the record, no conference was conducted. Respondent issued a final adverse determination letter on October 31, 1985, determining that petitioner's plans were not qualified in 1981, 1982 and 1983 because the plans did not comply with the Employee Retirement Income Security Act of 1974 (ERISA), Pub. L. 93-406, 88 Stat. 829, and therefore, failed to satisfy certain requirements under section 401(a). Petitioner timely filed a petition in the Tax Court for declaratory judgment pursuant to section 7476(a), challenging respondent's determination that petitioner's pension and profit sharing plans do not qualify under section 401(a). By its motion to calendar, petitioner has requested a trial under Rule 217(a), or in the alternative, an opportunity to take depositions. Petitioner seeks to supplement the administrative record with the testimony of its counsel, *268 that of the trust officer of the Bank, an agent for Massachusetts Mutual Life, and petitioner's CPA, to establish petitioner's due diligence in seeking a favorable determination letter from the IRS for its plans for 1981-1983. Further, petitioner desires to prove that the objectionable provisions of the plans never became operable. Petitioner maintains that the Commissioner's abuse of discretion in denying retroactive qualification of the plans cannot be established from the administrative record alone. In opposition to petitioner's motion, respondent makes three points. Respondent argues that (1) any evidence petitioner seeks to elicit through the testimony is already in the administrative record contained in his appeals protest; (2) the evidence is irrelevant because it doesn't tend to prove petitioner's due diligence; and (3) respondent is willing to stipulate these facts. Section 401(a) lists the requirements that must be met by a trust forming part of a pension or profit sharing plan in order for that trust to be eligible for favorable tax treatment under the various sections of the Internal Revenue Code. Added to the Code by ERISA in 1974, section 7476(a) confers jurisdiction *269 on this Court to issue declaratory judgments as to the initial or continuing qualification of retirement plans under section 401(a). In a declaratory judgment proceeding, this Court's function is to review the reasons provided by the IRS in its notice to the party requesting qualification, and thereupon make a redetermination of the IRS's determination, not a general examination of the provisions of the plan. H. Rept. 93-807 (1974), 1974-3 C.B. (Supp.) 236, 343. Rule 217(a) provides: Disposition of an action for declaratory judgment, which does not involve either a revocation or the status of a governmental obligation, will ordinarily be made on the basis of the administrative record, as defined in Rule 210(b)(11). Only with the permission of the Court, upon good cause shown, will any party be permitted to introduce before the Court any evidence other than that presented before the Internal Revenue Service and contained in the administrative record as so defined. * * * [Emphasis supplied.] Rule 210(b)(11) provides: "Administrative record" includes the request for determination, all documents submitted to the Internal Revenue Service by the applicant in *270 respect of the request for determination, all protests and related papers submitted to the Internal Revenue Service, all written correspondence between the Internal Revenue Service and the applicant in respect of the request for determination or such protests, all pertinent returns filed with the Internal Revenue Service, and the notice of determination by the Commissioner. In addition -- (i) In the case of a determination relating to a retirement plan, the administrative record shall include the retirement plan and any related trust instruments, any written modifications thereof made by the applicant during the proceedings in respect of the request for determination before the Internal Revenue Service, and all written comments (and related correspondence) submitted to the Internal Revenue Service in those proceedings (see Section 3001(b) of the Employee Retirement Income Security Act of 1974). Facts and representations appearing in the administrative record are assumed to be true for purposes of the declaratory judgment proceeding. Rule 217(b)(1); Note to Rule 217(a), 68 T.C. 1048 (1977). "[T]here do not appear to be at this time any circumstances under which *271 a trial will be held except as to disputed jurisdictional facts or to resolve disagreement between the parties as to the contents of the administrative record." Note to Rule 217(a), 68 T.C. 1048 (1977). In Houston Lawyer Referral Serv. v. Commissioner,69 T.C. 570 (1978), a Court-reviewed opinion, this Court pointed out that to allow oral testimony or facts not otherwise in the administrative record to be introduced by testimony or stipulation in a declaratory judgment proceeding "would convert that proceeding from a judicial review of administrative action to a trial de novo." Houston Lawyer Referral Serv. v. Commissioner, supra at 577. See also Church in Boston v. Commissioner,71 T.C. 102, 105 (1978); Thompson v. Commissioner,71 T.C. 32, 38 (1978); Gen. Conf. of the Free Church v. Commissioner,71 T.C. 920, 929 (1979); est of Hawaii v. Commissioner,71 T.C. 1067, 1077 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); Southwest Virginia Professional Standards Review Organ., Inc. v. United States, an unreported case ( D.D.C. 1978, 42 AFTR 2d 78-6167, 78-2 USTC par. 9747); *272 Virginia Professional Standards v. Blumenthal,466 F.Supp. 1164 (D.D.C. 1979). Accordingly, we refused to grant taxpayer a trial in a declaratory judgment action brought pursuant to section 7476 in Tamko Asphalt Products, Inc. v. Commissioner,71 T.C. 824 (1979), affd. 658 F.2d 735 (10th Cir. 1981). In affirming this Court's decision, the Court of Appeals for the Tenth Circuit noted: That Congress intended only limited review by the Tax Court is supported, too, by the requirement in section 7476 that all administrative remedies be exhausted. To allow the party seeking plan approval to freely bring new evidence before the Tax Court would amount to a bypass of the Service's administrative remedies since the Tax Court would be considering factual contentions the IRS had no opportunity to consider. [Tamko Asphalt Products, Inc. v. Commissioner,658 F.2d at 739. Citations omitted.] This Court's role differs in an action in which a plan's qualification has been revoked pursuant to an audit. Where the IRS has conducted an independent investigation of the facts, it need not rely on factual assertions made by the taxpayer. *273 Trial may be necessary under these circumstances to resolve disputes of fact. Note to Rule 213(a), 68 T.C. 1042- 1043 (1977). By definition, a "revocation" is a determination that a previously qualified plan is no longer qualified. Rule 210(b)(9). The original applications submitted by petitioner for the plans request initial qualification, thus indicating that these plans had never been qualified. Therefore, this action does not involve a revocation. It has been suggested that because the IRS began an examination of petitioner's profit sharing plan, like a revocation case, the IRS may have conducted a separate investigation of the facts. Unlike a revocation case, the notice of examination here precipitated an administrative determination proceeding. Nothing in this record indicates that respondent made his adverse determination by considering anything other than those factual assertions made by petitioner in the documents submitted during the administrative process. Nor does the administrative record contain a copy of an official report, as required by section 601.201(o)(8)(i)(e) of the Statement of Procedural Rules, 26 C.F.R. Part 601 (1983), of a separate *274 investigation of the facts made by the IRS. Factual inferences may be drawn from the administrative record by this Court in performing its review function. Nat. Assn. of American Churches v. Commissioner,82 T.C. 18, 20 (1984). Here, we conclude the IRS made no separate investigation of the facts on which it based its adverse determination. Petitioner's sole argument in support of its motion is that it be allowed to demonstrate its due diligence in order to prove that the Commissioner abused his discretion in determining that the plans did not qualify in the pre-amendment plan years. Petitioner is correct that where no circumstances arose which caused the objectionable provisions of the plan to become operable, and where the employer exercised due diligence in attempting to obtain a favorable determination, a plan amendment made outside the statutory time frame may be given retroactive effect. Aero Rental v. Commissioner,64 T.C. 331 (1975). See Jack R. Mendenhall Corp. v. Commissioner,68 T.C. 676 (1977). We wish to note that both Aero Rental and Mendenhall Corp. relied upon by petitioner are deficiency actions in which *275 trial is proper and was held. This Court granted retroactive relief in a declaratory judgment action in J. G. Kern Enterprises, Inc. v. Commissioner,T.C. Memo. 1987-580. The decision there was rendered on the basis of the pleadings and facts set forth in the administrative record. Indeed, in the final analysis, this Court's function under section 7476 is to resolve disputes as to the legal issues raised by the IRS in its final adverse determination letter on the basis of uninvestigated statements of facts submitted by the taxpayer in its application and related papers. Houston Lawyer Referral Serv. v. Commissioner, supra at 573. Petitioner's protest cites Aero Rental and Mendenhall Corp. in support of its argument that it exercised due diligence in seeking a favorable determination for its plans and that the plans' offending provisions never became operable. Petitioner requested a conference at which it intended to present further oral testimony and arguments to establish these matters. At any time up until issuance of the final adverse determination letter, petitioner could have submitted this evidence to the IRS in the form of affidavits, *276 and it would have become part of the administrative record in accordance with the definition thereof under Rule 210(b)(11)(i). See est of Hawaii v. Commissioner, supra at 1077, and Colorado State Chiropractic Society v. Commissioner,T.C. Memo. 1989-8. For reasons not appearing in this record, no such conference was ever conducted. The rule of law cited in Houston Lawyer Referral and Tamko Asphalt is predicated upon the legislative concern that the Court not bypass the administrative determination procedure without good cause. Petitioner has not given us any compelling reasons to deviate from this rule. Petitioner's failure to introduce this additional evidence into the record during the administrative process does not constitute "good cause" within the meaning of Rule 217(a) for permitting a trial or the taking of depositions. Houston Lawyer Referral Serv. v. Commissioner, supra at 578. From our review of the record, it appears that petitioner had adequate opportunity to present its complete case to the IRS during the determination proceedings. Petitioner has not asserted otherwise. If petitioner did not believe the administrative *277 record to be complete, its counsel should not have stipulated that the materials submitted constitute the entire administrative record. est of Hawaii v. Commissioner, supra at 1077-1078. In view of our disposition of petitioner's motion, we need not address its due diligence argument. We wish to add, however, on these facts, we could not find that petitioner diligently pursued favorable determinations for its plans. See D.J. Powers Co. v. Commissioner,T.C. Memo. 1981-622, which was also a deficiency action. On the basis of this record, petitioner's motion will be denied. An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩