HALLIBURTON COMPANY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Halliburton Co. v. Commissioner
Docket No. 26290-90R
United States Tax Court
T.C. Memo 1992-533; 1992 Tax Ct. Memo LEXIS 557; 64 T.C.M. (CCH) 710; September 10, 1992, Filed *557 For Petitioner: Donald F. Wood and Douglas E. Hamel, For Respondent: James W. Lessis. WELLS
WELLS
SUPPLEMENTAL MEMORANDUM OPINION WELLS, Judge: The instant case is before us on a motion to compel discovery filed by respondent in connection with a declaratory judgment proceeding concerning two pension plans sponsored by Halliburton Company (Halliburton), the Halliburton Profit Sharing and Savings Plan (the Halliburton plan), and the IMCO Services Profit Sharing and Savings Plan (the IMCO plan). The background of the case may be briefly set forth. In April 1986, Halliburton sought a determination from respondent as to whether a partial termination of the Halliburton plan had occurred in 1986. Halliburton also sought a determination as to the initial qualification of the IMCO plan, which Halliburton had spun off from the Halliburton plan. Halliburton, however, did not receive final determinations from respondent. In November 1990, Halliburton filed a petition in this Court seeking a declaratory judgment concerning the subjects of its requests for determination. Respondent moved to dismiss such action for lack of jurisdiction on grounds that Halliburton had failed to exhaust *558 its administrative remedies. We ruled on that motion in an Opinion dated February 4, 1992. Halliburton Co. v. Commissioner, 98 T.C. 88 (1992). In that Opinion, we denied respondent's motion and permitted Halliburton to maintain the instant action for declaratory judgment. We subsequently ordered the submission of the administrative record and set a schedule for the filing of briefs. Rule 217. [1]
In the motion before us, respondent has moved to compel discovery of information from Halliburton which respondent alleges will show that, in Halliburton's request for a determination of whether a partial termination of its plans occurred, Halliburton improperly classified certain of its former employees as voluntarily, rather than involuntarily, terminated. In other words, respondent seeks to inquire *559 into the circumstances under which the plan participants left Halliburton's employ in 1986. Respondent contends that such an inquiry is appropriate at this time because the instant case should be treated in the same manner as a case involving the review of a revocation of the Halliburton plan's qualification, in which additional fact-finding is contemplated by the Rules, rather than in the manner of a case involving review of a request for a determination, where the Court's decision generally is based only on the administrative record. Rule 217(a). Whatever similarities respondent may see in seeking to have the instant case compared to a revocation case, we must remind respondent that our jurisdiction in the instant case is based upon Halliburton's declaratory judgment petition requesting our review of its application for a determination of whether a partial termination of its plan occurred in 1986. Our jurisdiction in the instant case is narrowly prescribed by statute. Section 7476. Respondent argues that the requested discovery should be allowed because Congress constructed a "one way street" that permits respondent, and respondent alone, to raise new matters in a declaratory *560 judgment proceeding. Respondent cites the legislative history of section 7476, in which Congress stated that, in a declaratory judgment action, the Tax Court's decision was to be based on "the reasons provided by the Internal Revenue Service in its notice to the party making the request for a determination, or based upon any new matter which the Service may wish to introduce at the time of the trial." H. Rept. 93-779 at 107 (1974), 1974-3 C.B. 244, 350; H. Rept. 93-807 at 108 (1974), 1974-3 C.B. (Supp.) 236, 343. See also S. Rept. 93-383 at 114 (1974), 1974-3 C.B. (Supp.) 80, 193; S. Conf. Rept. 93-1280 at 249, 331-332 (1974), 1974-3 C.B. 415, 492-493. We recognize that we have held that respondent may raise new matters in a declaratory judgment proceeding. Ralph Gano Miller Corp. v. Commissioner, 76 T.C. 433, 436 (1981); Dumaine Farms v. Commissioner, 73 T.C. 650, 659-660 (1980). What respondent does not seem to appreciate, however, is that raising a new matter involves the assertion of different grounds to support respondent's position, not the supplementation of the record *561 with additional facts. See, e.g., Virginia Education Fund v. Commissioner, 85 T.C. 743, 750-751 (1985), affd. 799 F.2d 903 (4th Cir. 1986). In raising new matters in a declaratory judgment proceeding under section 7476, the matters are to be based on information contained in the administrative record, not on facts gathered after the administrative record has closed. Dumaine Farms v. Commissioner, supra at 664; Peoples Translation Service v. Commissioner, 72 T.C. 42, 51 (1979). Cf. Liberty Ministries International v. Commissioner, T.C. Memo. 1984-260 (petitioner's motion to strike allegations in answer would be granted only where such allegations clearly are not based on the administrative record). Such a constraint upon respondent's ability to raise a new matter is consistent with the limited nature of the declaratory judgment action envisaged by Congress when it enacted section 7476. The legislative history of section 7476 makes clear that Congress intended declaratory judgment actions to be limited to a redetermination of the Commissioner's determination. H. Rept. 93-779 at *562 107 (1974), 1974-3 C.B. 244, 350. American Campaign Academy v. Commissioner, 92 T.C. 1053, 1063 (1989)Houston Lawyer Referral Service v. Commissioner, 69 T.C. 570, 577 (1978) (Court reviewed). Allowing into evidence additional facts that are not contained in the administrative record would convert the instant proceeding from a judicial review of administrative action into a trial de novo, which Congress did not intend. Tamko Asphalt Products, Inc. of Kansas v. Commissioner, 658 F.2d 735, 738-739 (10th Cir. 1981), affg. 71 T.C. 824 (1979); Houston Lawyer Referral Service v. Commissioner, supra at 577. Furthermore, freely allowing introduction of additional evidence would bypass the administrative determination process, vitiating the requirement that administrative remedies be exhausted before resort to this Court is allowed. Tamko Asphalt Products, Inc. of Kansas v. Commissioner, supra at 739; Dr. Erol Bastug, Inc. v. Commissioner, T.C. Memo. 1989-262. Inasmuch as the instant case involves nothing more than a review of *563 respondent's administrative action or failure to act on Halliburton's request for a determination, it is unnecessary for respondent to embark upon an independent examination of the facts that were represented by Halliburton in its request. In making a determination with respect to a determination request, the Commissioner accepts as true the facts as represented by the party seeking the ruling. Thompson v. Commissioner, 71 T.C. 32, 37 (1978); Stevens v. Commissioner, T.C. Memo. 1985-192. Moreover, Rule 217(a) provides that resolution of a declaratory judgment action, such as the instant case, is to be decided on the basis of the administrative record, and Rule 217(b) provides that our decision "will be based on the assumption that the facts as represented in the administrative record * * * are true". See also Houston Lawyer Referral Service v. Commissioner, supra at 573. Congress did not expect either the Commissioner or this Court to conduct an independent examination of the underlying facts governing qualification of a plan in the present situation. Tamko Asphalt Products, Inc. v. Commissioner, 71 T.C. 824, 837 (1979), *564 affd. 658 F.2d 735 (10th Cir. 1981); Thompson v. Commissioner, supra at 38. Congress recognized the limited effect of a decision in a declaratory judgment action, stating in the legislative history of section 7476, that such decision is to be binding based on the facts presented to the Court for the years involved, but that a declaratory judgment does not foreclose future action if an examination of the operation of the plan indicates that the plan does not meet the requirements for qualification. H. Rept. 93-779 at 107 (1974), 1974-3 C.B. 244, 350. See also American Science Foundation v. Commissioner, T.C. Memo. 1986-556 (subsequent declaratory judgment petition not barred by res judicata where based on new administrative record). Consequently, respondent's request to launch an independent examination of the plan as part of the instant case is without support in the law. We also consider whether our Rules authorize respondent to supplement the administrative record. Rule 217(a) provides that evidence that is not contained in the administrative record will be admitted only upon a showing of "good cause". *565 Where the party seeking to supplement the administrative record has failed to take advantage of opportunities to place such information in the record at the administrative level, we generally have not found good cause for supplementing the administrative record. See e.g., Unitary Mission Church v. Commissioner, 74 T.C. 507, 515-516 (1980); Dr. Erol Bastug, Inc. v. Commissioner, T.C. Memo. 1989-262; Colorado Chiropractic Society v. Commissioner, T.C. Memo. 1989-8. Similarly, in cases construing such requirement under the Federal Rules of Civil Procedure, the courts require a party to produce sufficient information to permit a "discriminating application" of the limitation in order to show good cause. Schlagenhauf v. Holder, 379 U.S. 104, 118-122 (1964). In Schlagenhauf, the Supreme Court endorsed the view that more than a showing of relevance was needed in order to satisfy the good cause requirement. Schlagenhauf v. Holder, supra at 117-118. Satisfying the test generally depends upon making a showing that the material is necessary to establish the movant's claim or that *566 denial of production would cause the moving party hardship or injustice. [2]Southern Ry. v. Lanham, 403 F.2d 119, 126-131 (5th Cir. 1968); Black v. Sheraton Corp. of America, 47 F.R.D. 263, 273 (D.D.C. 1969), affd. 564 F.2d 550 (D.C. Cir. 1977); 4A Moore's Federal Practice par. 34.08[3] (2d ed. 1992). Primary responsibility for applying the test is left with the trial judge, who has a latitude of discretion in deciding whether the requisite showing has been made. Southern Ry. v. Lanham, supra at 126; Guilford National Bank of Greensboro v. Southern Ry., 297 F.2d 921, 925 (4th Cir. 1962). *567 Considering the foregoing, we hold that in the instant case respondent has not established that good cause exists to supplement the administrative record, as required by Rule 217. Respondent has failed to allege any facts which would permit a "discriminating application" of the good cause requirement, or to show that denial of the request would cause hardship or injustice. Indeed, there is no reason that respondent could not have requested the information now being sought while Halliburton's request was pending at the administrative level; a voluminous record was complied while the request was pending at the administrative level. Accordingly, respondent's motion to compel discovery will be denied. The parties are advised that the submission of the instant motion shall have no effect upon the briefing schedule that previously has been ordered by the Court. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as applicable to the instant case, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Such test was developed by the Courts in applying the "good cause" requirement of Fed. R. Civ. P. 34, which governed the production of documents held by a party. Although the "good cause" requirement was removed from rule 34 in 1970, 398 U.S. 979, 997-998 (1970), cases dealing with former rule 34↩ remain valid authority for construing the "good cause" requirement.