**VIRGINIA EDUCATION FUND, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 85–2296.**

United States Court of Appeals, Fourth Circuit.

Argued June 4, 1986.

Decided Aug. 20, 1986.

---

John W. Pearsall (McCaul, Grigsby, Pearsall, Manning & Davis, Richmond, Va., on brief) for appellant.

David A. Moore, Tax Div., U.S. Dept. of Justice (Glenn L. Archer, Jr., Asst. Atty. Gen., Roger M. Olsen, Acting Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Robert A. Bernstein, Washington, D.C., on brief) for appellee.

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.

PER CURIAM.

■ The Virginia Education Fund ("Fund") appeals from the judgment of the Tax Court, *Virginia Education Fund v. Commissioner*, 85 T.C. No. 44 (1985), upholding the revocation by Internal Revenue Service ("IRS") of the Fund's tax-exempt status, applied retroactively to 1974. The Fund was originally created in the wake of *Brown v. Board of Education*, 347 U.S. 483, 73 S.Ct. 686, 98 L.Ed. 873 (1954), to solicit monies for distribution to segregated private schools for whites desiring to avoid integration of the public schools. The IRS first granted the Fund a tax exemption certificate in 1961 when IRS policy permitted segregated schools to qualify as charitable organizations under 26 U.S.C. § 501(c)(3).[1] The IRS changed this policy in 1970 and publicly announced that it would no longer recognize the exempt status of any private school that failed to

demonstrate that it operated a racially non-discriminatory admissions policy.[2] The IRS did not actually revoke the Fund's exemption until 1977 when it issued a letter making the revocation retroactive to 1974. The Fund subsequently challenged the revocation in an action for declaratory judgment under 26 U.S.C. § 7428, and the Tax Court upheld the IRS decision.

■ We agree with the Tax Court that the IRS decision was proper, and we affirm on the basis of the Tax Court's opinion. The Fund was made well aware that the IRS's sole reason for revoking its exemption was the Fund's failure to demonstrate a nondiscriminatory admissions policy, yet it made no effort whatsoever to satisfy its evidentiary burden. Though the Fund's failure to comply with Revenue Ruling 75–50 is not dispositive, as IRS procedures are mere guidelines without the force of law, the Fund's failure to introduce any evidence supporting its exempt status justified the decision of IRS to revoke that status. There is no reason to excuse the Fund from the general and continuing burden all taxpayers bear to prove themselves exempt from taxation. *See New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348 (1934); *Templeton v. Commissioner of Internal Revenue*, 719 F.2d 1408, 1410–11 (7th Cir.1983). We think it especially appropriate that the Fund bear the burden of proving an element of the charitable organization exemption, i.e., a non-discriminatory admissions policy, that did not exist at the time the IRS granted it the exemption, and that certainly would have barred the Fund from qualifying given its original purpose of funding segregated schools.

The Fund also challenges the retroactive application of the revocation to 1974, but for the reasons expressed by the Tax Court, we think that the IRS provided the Fund with the notice necessary under

---

1. Since the Fund operates no schools and simply collects funds and distributes them to others, its entitlement to tax-exempt status depends upon the entitlement of its donees to tax exemption.

2. The Supreme Court upheld the validity of this IRS policy in *Bob Jones University v. United States,* 461 U.S. 574, 103 S.Ct. 2017, 76 L.Ed.2d 157 (1983).

§ 601.201(n)(6)(i), Statement of Procedural Rules, to apply the revocation retroactively.

AFFIRMED.