T.C. Memo. 1995-481


UNITED STATES TAX COURT


OLIVER Q. FOUST AND TALIETHA FOUST, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7864-92.                    Filed October 4, 1995.


Oliver Q. Foust, pro se.

<u>Thomas M. Rohall</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  Respondent determined a deficiency in petitioners' 1988 Federal income tax of $40,558.

The issues for decision are:  (1) Whether petitioners have substantiated the basis of their stock in Vosburg Hotels, Inc., a

"small business corporation" under section 1366,[1] so as to enable them to claim a deduction for an ordinary loss of $129,083 and a deduction pursuant to section 179 of $3,057; (2) whether petitioners are entitled to a long-term capital loss carryover from 1987 of $61,468; and (3) whether petitioners' taxable income should be increased in the amount of $7,399 for Social Security benefits received during 1988.

## FINDINGS OF FACT

Vosburg Hotels, Inc. (Vosburg), was incorporated in Sacramento, California, on September 3, 1985, and it acquired assets and began doing business on the same date. On November 12, 1985, the shareholders of Vosburg elected to be treated as a "small business corporation" under subchapter S of the Internal Revenue Code. At the time of its election, Vosburg had six shareholders. Petitioners jointly acquired 179,620 shares. Petitioners' shares were evidenced by stock certificate number three which was issued to "Oliver Q. Foust and Talietha Foust as their community property". Al and Susan E. Lemerande also acquired 179,620 shares, and Mark P. and Ruth Owens acquired 359,240 shares. Petitioners' holdings represented 25 percent of the corporation's outstanding stock.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Stock certificate number three was canceled and replaced by stock certificate number five on May 15, 1987. The records produced at trial indicate that stock certificate number five was issued to "Irvine Dungan, Trustee for Mark P. Owens". However, a corporate questionnaire filed on June 15, 1988, with the California Department of Alcoholic Beverage Control by Mr. Foust (petitioner) as president of Vosburg indicates that stock certificate number five was issued to the "Oliver Q. Foust & Talietha Foust Family Trust" on May 15, 1987.[2]

On December 15, 1988, the shareholders of Vosburg executed an agreement entitled "Agreement of Purchase and Sale of Capital Stock of Vosburg Hotels, Inc." In this agreement, the shareholders of Vosburg agreed to sell all of the outstanding shares of Vosburg to Thomas and Juanell Snedeker. The selling shareholders were shown as Mark and Ruth Owens and the Oliver Q. Foust and Talietha Foust Reversionary Trust. In a "Statement of Transferee to Accompany Application for Consent to Transfer Securities Subject to Legend or Escrow Condition", dated December 22, 1988, the selling Vosburg shareholders were listed as Mark P. Owens and Ruth Owens and the Oliver Q. Foust and Talietha Foust Reversionary Trust.

---

[2]Petitioners created the "Oliver Q. and Talietha Foust, Reversionary Trust" on Apr. 28, 1972. The corpus of the trust consisted of stock which the trustees were to distribute to the beneficiaries (petitioners' nieces) in the event that either petitioner died prior to the trust's termination on June 28, 1987.

On their Schedules E (Supplemental Income Schedule) for 1985 through 1988, petitioners claimed the following losses from Vosburg:

| Year | Loss Claimed |
|------|------|
| 1985 | $ 19,886 |
| 1986 | 48,142 |
| 1987 | 94,469 |
| 1988 | 129,083 |

OPINION

Petitioners claimed an ordinary loss deduction of $129,083 as their portion of Vosburg's operating loss for the taxable year 1988. They also claimed a deduction pursuant to section 179[3] of $3,057 as a result of their stock ownership in Vosburg. Respondent disallowed both of these deductions. Respondent's determinations are presumed correct, and petitioners bear the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). A "small business corporation" under subchapter S of the Internal Revenue Code (S corporation) is not normally subject to corporate income tax. Sec. 1363(a). Shareholders include their pro rata share of the corporation's

---

[3]Sec. 179 permits a taxpayer who purchases tangible, personal, depreciable property for use in the active conduct of a trade or business to expense up to $10,000 of the cost of the property placed in service in any year. Sec. 179(a), (b), (d). However, the amount of the deduction cannot exceed the taxpayer's aggregate amount of taxable income (disregarding sec. 179) from the active conduct of any trade or business. Sec. 179(b)(3)(A).

income, losses, and deductions on their individual tax returns. Sec. 1366(a)(1). However, a shareholder is only entitled to claim losses and deductions to the extent that they do not exceed the sum of the shareholder's adjusted basis in the corporation's stock and any indebtedness of the corporation to the shareholder. Sec. 1366(d)(1). Accordingly, petitioners must prove that they had sufficient basis in Vosburg to absorb the loss and deduction claimed.

This Court has looked to section 1012 when defining "basis" for purposes of a shareholder's stock in an S corporation. See, e.g., Estate of Leavitt v. Commissioner, 90 T.C 206, 212 (1988), affd. 875 F.2d 420 (4th Cir. 1989); Borg v. Commissioner, 50 T.C. 257, 263 (1968). Section 1012 provides that "The basis of property shall be the cost of such property". In addition, the "cost" is "the amount paid for such property in cash or other property." Sec. 1.1012-1(a), Income Tax Regs. Thus, petitioners must demonstrate the requisite economic outlay necessary for shareholders to claim basis. See, e.g., Estate of Leavitt v. Commissioner, 875 F.2d at 422; Underwood v. Commissioner, 535 F.2d 309, 311 (5th Cir. 1976), affg. 63 T.C. 468 (1975).

In an attempt to substantiate their basis in Vosburg, petitioners offered a series of checks written on various corporate bank accounts. One of the checks was written on the corporate bank account of Golden State Convalescent Hospitals, Inc. (GSCH), in the amount of $25,000. The check is signed by

petitioner and contains the notation "V.B.H. Investment". In the year-to-date general ledger (ledger) for GSCH for the period ended November 30, 1985, an asset account is shown under account number 205 and is titled "Investment-Vosburg Hotels Inc." Moreover, on the Schedule L of GSCH's corporate tax return, there is an entry listed as an "investment" in the amount of $25,000. From these records, one would logically conclude that the $25,000 represents GSCH's investment in Vosburg, rather than petitioners' investment.

Petitioners also rely on checks drawn on bank accounts at Bank of America and Wells Fargo Bank, which they referred to as the "Entity Control Master Account". These accounts, however, were corporate bank accounts in the names of "Oliver Q. Foust, Accountancy Corporation DBA, O. Quay Financial Management Corporation" and "Oliver Q. Foust, An Accountancy Corporation", respectively. None of the checks were written on a personal bank account.

Based on this record, we conclude that petitioners have not presented sufficient evidence to prove that they personally invested any funds in Vosburg. In fact, the checks and the corporate accounting records on which they rely indicate that the corporations treated the disbursements to Vosburg as assets of the particular corporation. Consequently, petitioners have failed to demonstrate the necessary economic outlay to prove basis. They are not entitled, therefore, to deduct any losses

pursuant to section 1366, nor are they entitled to a deduction pursuant to section 179.[4]

Petitioners also claimed a deduction for a long-term capital loss carryover from 1987 in the amount of $61,468. This carryover results primarily from two losses claimed by petitioners in 1987, which they attempt to carry forward to 1988. First, petitioners claimed a section 1231 loss of $66,850 for Vosburg on their 1987 Schedule K-1. In addition, they claimed a long-term capital loss of $8,566 on the March 11, 1987, sale of stock in the Chez Jacques Corp. According to the notice of deficiency in this case, these losses were disallowed by respondent during an audit of petitioners' 1987 tax return.

Section 165(a) generally permits the deduction of losses sustained during the taxable year and not compensated for by insurance or otherwise. However, capital losses on the sale or exchange of capital assets are limited to the extent allowed under sections 1211 and 1212. Sec. 165(f). Subject to the limitations of section 1211,[5] taxpayers can carry forward their

---

[4]Based on the record before us, we also question whether petitioners were even shareholders of Vosburg in 1988. Instead, it appears that the "Oliver Q. Foust and Talietha Foust Reversionary Trust" was the shareholder at that time.

[5]Sec. 1211 limits the amount of losses taxpayers can claim in any taxable year. Deductions for losses on the sale or exchange of capital assets are permitted only to the extent of the gain from such sales or exchanges, plus the lower of (1) $3,000 ($1,500 in the case of a married individual filing separately); or (2) the excess of such losses over such gains.

(continued...)

capital losses to succeeding taxable years.  Sec. 1212(b).

Section 1212(b)(1)(B) provides that the excess of the net long-term capital loss over the net short-term capital gain is to be treated as a long-term capital loss in the succeeding taxable year.

Petitioners bear the burden of proving that they are entitled to the losses they claim.  Rule 142(a); Benson v. Commissioner, 80 T.C. 789, 804 (1983); Beales v. Commissioner, T.C. Memo. 1992-608.  Aside from their 1987 and 1988 tax returns, however, petitioners offered no evidence to substantiate these losses.[6]  Moreover, an entry on a tax return does not establish the existence of a loss.  Halle v. Commissioner, 7 T.C. 245, 250 (1946), affd. 175 F.2d 500 (2d Cir. 1949); Warden v. Commissioner, T.C. Memo. 1995-176.  Therefore, we sustain respondent's determination.

On their 1988 tax return, petitioners reported adjusted gross income of ($45,389), thereby enabling them to exclude their Social Security benefits received during 1988.  See sec. 86(a), (b).  However, following the other adjustments discussed previously, respondent increased petitioners' taxable income by $7,399 to reflect the taxable portion of petitioners' Social

---

[5](...continued)
Sec. 1211(b).

[6]At trial, Mr. Foust represented himself and his wife pro se, and he concentrated his entire testimony on the first issue--his basis, if any, in Vosburg.

Security benefits received. Taxpayers must generally include as income one-half of the Social Security benefits they receive during the taxable year. Sec. 86(a)(1). Petitioners received $14,798 of Social Security benefits in 1988. Because we have sustained respondent's other adjustments, we conclude that respondent properly included in petitioners' taxable income one-half of the $14,798 of Social Security benefits petitioners received during 1988.

Decision will be entered

for respondent.
