T.C. Memo. 2004-162

UNITED STATES TAX COURT

KAROL Z. WIDEMON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1532-02.                    Filed July 13, 2004.

Karol Z. Widemon, pro se.

<u>Kathryn K. Vetter</u> and <u>Daniel J. Parent</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial

Judge Dean pursuant to Rules 180, 181, and 183.[1]  The

_____

    [1]Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

Court agrees with and adopts the opinion of the Special Trial
Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

DEAN, Special Trial Judge:  Respondent determined a
deficiency in and additions to petitioner's Federal income tax
for calendar year 1999 as follows:

| Year | Deficiency | Additions to Tax[1] | | |
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1999 | $42,717 | $7,534 | $2,679 | $1,559 |

[1] The following figures are rounded to the nearest dollar.

After concessions,[2] the issues for decision are:  (1)
Whether respondent raised new matters and bears the burden of
proof under Rule 142(a) regarding petitioner's entitlement to
certain deductions; (2) whether petitioner is entitled to a
deduction for capital loss carryforwards; (3) whether petitioner
is entitled to deduct rental expenses in excess of those allowed
by respondent; (4) whether petitioner is required to include in
income a distribution from a Roth IRA; and (5) whether petitioner
is liable for the addition to tax for failure to file a tax
return under section 6651(a)(1).

[2] Respondent concedes that petitioner is not liable for the
addition to tax for failure to pay tax under sec. 6651(a)(2) and
the addition to tax for failure to make estimated tax payments
under sec. 6654.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Elk Grove, California.

Petitioner failed to timely file a Federal income tax return for tax year 1999. Respondent determined petitioner's income on the basis of information returns submitted to respondent by third party payors. Respondent also determined that petitioner is liable for additions to tax.

### 1. Procedural History

After respondent issued petitioner a statutory notice of deficiency, petitioner submitted a tax return for 1999 reflecting most, but not all, of the unreported income determined in the notice of deficiency. Petitioner also claimed deductions for capital loss carryforwards and rental expenses. Respondent has not processed this tax return, and no tax has been assessed as a result of petitioner's submitting the tax return.

Petitioner submitted to the Court a letter challenging the notice of deficiency, and the Court filed it as petitioner's imperfect petition. Because the letter did not comply fully with the requirements of Rule 34, by order the Court directed petitioner to file a proper amended petition.

Petitioner filed an amended petition in which she alleged that she had filed a tax return for 1999, that all of respondent's determinations were in error, and that she was due a refund of $1,609.

By letter, an Appeals officer requested additional information about petitioner's dependency exemptions, sales of stocks and bonds, and receipt of distributions. Petitioner provided additional documents to respondent, but the case remained unresolved.

This case was subsequently set for trial at a San Francisco trial session but was continued upon petitioner's oral motion.

Respondent asked petitioner to provide information with respect to certain income items that did not appear to be reported on petitioner's return, information verifying petitioner's basis in securities, and information verifying certain rental expenses she had deducted. Respondent also sent petitioner a letter summarizing the information that had been verified as of that time and requesting additional information. Petitioner failed to provide the information.

Respondent's counsel informed petitioner by letter that, pursuant to Rule 91, the parties are required to submit a stipulation of facts to the Court. Respondent's counsel proposed a meeting to complete the stipulation of facts and advised petitioner to provide documentation if she intended to claim

rental expenses or capital loss carryovers.  Petitioner did not call respondent's counsel to reschedule, nor did she appear for the conference.

At calendar call, respondent's counsel informed the Court that he had been unsuccessful in obtaining a response from petitioner regarding a proposed stipulation of facts.  Petitioner contended that she had signed a stipulation of facts at the prior trial session and that the document had been filed with the Court.  The records of the Court, including the file in this case, show no record of any stipulation of facts having been filed, and the Court so informed petitioner.

Petitioner also contended that respondent had improperly attempted to raise new matters in the proposed stipulation of facts by requesting substantiation for the capital loss carryovers and the rental expenses petitioner claimed on the return submitted after she received the notice of deficiency.

At trial, petitioner reiterated her contention that a stipulation of facts had been filed with the Court at the initial trial session and that respondent was attempting to raise new matters.  Petitioner did not have a signed copy of the stipulation of facts that she alleged had been submitted to the Court.

At the conclusion of trial, petitioner requested 1 week to submit a brief on the issues.  The Court advised petitioner that

it would take 30 days to obtain a transcript but that she was free to submit her brief without the transcript if she so chose. Respondent's counsel opted to wait for the transcript before submitting a brief.

The Court ordered the filing of seriatim briefs with petitioner's opening brief due 2 weeks from the date of trial and respondent's answering brief due 30 days from the due date of petitioner's opening brief. The Court also gave petitioner an opportunity to file a reply brief within 15 days from the due date of respondent's answering brief.

After trial but before the due date of his brief, respondent filed a motion to extend time within which to file brief, requesting an additional 30 days. Petitioner did not object to the motion, and the Court granted it. Respondent subsequently filed an answering brief. Petitioner failed to file a reply brief.

2.  Issues Raised in the Return

    A.  Capital Loss Carryforwards

On her 1997 Form 1040, U.S. Individual Income Tax Return, petitioner claimed a $3,000 capital loss deduction. On her attached Schedule D, Capital Gains and Losses, petitioner claimed long-term capital losses of $125,339. She also prepared a Schedule D Worksheet and a "Schedule of Carryforward Amounts to

1998" which identified a long-term capital loss carryforward to 1998 of $122,339.

Petitioner also took a $3,000 capital loss deduction on her 1998 Form 1040. On Schedule D, petitioner claimed short-term capital losses of $20,917 and long-term capital losses of $25,053 for 1998. She did not attach to the return any worksheets showing calculations of capital loss carryforwards. Line 14 of Schedule D reports long-term capital loss carryforwards and also requires an entry of any carryforward amounts from the previous year. Petitioner left this entry blank.

In 1999, petitioner took a $3,000 capital loss deduction on her Form 1040. Respondent reviewed the documents petitioner provided, and the parties stipulated that in 1999, petitioner had short-term capital gains of $1,081 and long-term capital gains of $1,527. On her Schedule D, however, petitioner reported short-term capital gains of $206 and long-term capital gains and distributions of $617. Petitioner carried forward a short-term capital loss of $17,917 from 1998, resulting in a reported short-term capital loss of $17,711. Petitioner also carried forward a long-term capital loss of $25,053 from 1998 resulting in a reported long-term capital loss of $24,436. Petitioner did not carry forward to 1998 or to 1999 the $125,339 long-term capital loss carryforward she claimed on her 1997 tax return.

B.    Rental Expenses

On her 1999 Schedule E, Supplemental Income and Loss, petitioner claimed deductions pertaining to two rental properties she owned at 9219 Primera Court (Primera) and 8138 Otium Way (Otium) in the amounts of $28,170, and $29,728, respectively. The expenses consisted of depreciation, advertising, auto and travel expenses, cleaning and maintenance, commissions, insurance, management fees, mortgage interest, repairs, taxes, and utilities.

Respondent agrees that $20,650 of the expenses claimed for Primera and $21,984 of the expenses claimed for Otium are allowable. Remaining at issue are the following expenses:

|                        | Primera | Otium   |
|------------------------|---------|---------|
| Cleaning & maintenance | $5,200  | $5,700  |
| Commissions            | 560     | 440     |
| Management fees        | 560     | 440     |
| Utilities              | 1,200   | 1,164   |
|                        | 7,520   | 7,744   |

3.    Roth IRA Distribution

On February 17, 1998, petitioner opened a Roth IRA with a $2,000 contribution at Golden One Credit Union. On July 14, 1999, she withdrew $1,600 from the account and on September 21, 1999, withdrew the remaining $608.58. After early withdrawal penalties, petitioner received a $2,171 distribution from the Roth IRA account in 1999. Petitioner did not report this

distribution on her 1999 return.  Respondent contends that the
$171 petitioner received in excess of her $2,000 contribution is
includable in her income.

4.    Addition to Tax for Failure To File a Tax Return

Respondent also determined that petitioner is liable for an
addition to tax of $7,534 for failure to timely file a tax
return.

### Discussion

1.    Burden of Proof

The Commissioner's determinations are presumed correct, and
generally, taxpayers bear the burden of proving otherwise.  Welch
v. Helvering, 290 U.S. 111, 115 (1933).  Moreover, deductions are
a matter of legislative grace, and taxpayers bear the burden of
proving that they are entitled to any deduction claimed.  New
Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v.
Helvering, supra at 115.  This includes the burden of
substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 90 (1975),
affd. per curiam 540 F.2d 821 (5th Cir. 1976).

A.    New Matters

Although generally the burden of proof is on the taxpayer,
the Commissioner bears the burden of proof in "respect of any new
matter, increases in deficiency, and affirmative defenses,
pleaded in his answer".  Rule 142(a).

Petitioner argues that respondent raised new matters by challenging petitioner's claimed deductions for capital loss carryforwards and rental expenses. The Court interprets petitioner's argument to be that respondent bears the burden of proof with regard to these issues. Respondent asserts that the notice of deficiency resulted from petitioner's failure to file timely a tax return for 1999. Respondent contends that no new matters were raised, and that respondent simply requested substantiation for the deductions petitioner claimed on the return submitted after she received the notice of deficiency.

A new theory that is presented to sustain a deficiency is treated as a new matter when it either alters the original deficiency or requires the presentation of different evidence. Hutchinson v. Commissioner, 116 T.C. 172, 182 (2001) (citing Wayne Bolt & Nut Co. v. Commissioner, 93 T.C. 500, 507 (1989)); Shea v. Commissioner, 112 T.C. 183, 197 (1999); Colonnade Condominium, Inc. v. Commissioner, 91 T.C. 793, 795 n.3 (1988); Va. Educ. Fund v. Commissioner, 85 T.C. 743, 751 (1985), affd. per curiam 799 F.2d 903 (4th Cir. 1986); Achiro v. Commissioner, 77 T.C. 881, 890 (1981). A new theory which merely clarifies or develops the original determination made in the notice of deficiency without being inconsistent or increasing the amount of the deficiency is not new matter in respect of which the Commissioner bears the burden of proof. Hutchinson v.

Commissioner, supra at 182; Virginia Educ. Fund v. Commissioner, supra at 751; Achiro v. Commissioner, supra at 890; Estate of Emerson v. Commissioner, 67 T.C. 612, 620 (1977).

When a taxpayer fails to file a return, as did petitioner, it is as if she filed a return "showing a zero amount" for purposes of determining a deficiency. Schiff v. United States, 919 F.2d 830, 832 (2d Cir. 1990); Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir. 1988); sec. 301.6211-1(a), Proced. & Admin. Regs.

In determining the deficiency, respondent allowed petitioner only the standard deduction because, in the absence of a return filed by petitioner, respondent had no evidence that there were any other deductions allowable to her. Implicit in the determination is the disallowance of any deductions other than the standard deduction. When petitioner subsequently submitted her 1999 return, she claimed deductions for capital loss carryforwards and rental expenses. Petitioner made allegations in her petition seeking the benefit of these deductions and claiming an overpayment.

Respondent simply requested substantiation of the deductions and did so as early as January 16, 2003--8 months before trial. The request for substantiation of items petitioner claimed on the return after the notice of deficiency was issued is not inconsistent with respondent's original determination and does

not increase the amount of the deficiency.  Indeed, as will be discussed, the items for which respondent requested substantiation are items for which petitioner bears the burden of proof at trial.  The Court concludes that respondent did not raise new matters that would shift the burden of proof regarding the capital loss carryovers and the rental expenses to respondent.

B.   Section 7491

Alternatively, the burden of proof may shift to the Commissioner under section 7491(a).  However, because petitioner failed to comply with the substantiation and record-keeping requirements of section 7491(a)(2) and to introduce credible evidence within the meaning of section 7491(a)(1), section 7491 does not place the burden of proof on respondent with respect to the claimed deductions.  Under section 7491(c), respondent retains the burden of production only with respect to petitioner's liability for any penalties or additions to tax.

2.   Capital Loss Carryforwards

Petitioner claimed a $3,000 capital loss deduction in 1999. This deduction results primarily from her application of capital loss carryforwards from 1998.

Section 165(a) generally permits deductions for losses sustained during the taxable year and not compensated for by insurance or otherwise.  However, capital losses on the sale or

exchange of capital assets are limited to the extent allowed under sections 1211 and 1212. Sec. 165(f). Subject to the limitations of section 1211, taxpayers can carry forward their capital losses to succeeding taxable years. Sec. 1212(b). Under section 1211, deductions for losses on the sale or exchange of capital assets are permitted only to the extent of the gain from such sales or exchanges, plus the lower of: (1) Three thousand dollars ($1,500 in the case of a married individual filing separately); or (2) the excess of such losses over such gains. Sec. 1211(b). Section 1212(b)(1)(B) provides that the excess of the net long-term capital loss over the net short-term capital gain is to be treated as a long-term capital loss in the succeeding taxable year.

To be entitled to a deduction under section 165(a), a taxpayer is required to keep records to establish the deductions to which he or she is entitled. Sec. 6001. If a deduction is carried forward from one year to another, the taxpayer must keep records to substantiate the amount that is carried forward. Sec. 1.6001-1(e), Income Tax Regs. To substantiate a capital loss carryforward, the taxpayer must show: That a loss was incurred; when the loss was incurred; that the taxpayer is entitled to deduct the loss; whether the loss is capital or noncapital, or business or personal; and the amount of capital gain during the intervening years, in order to compute any allowable

carryforward.  Meissner v. Commissioner, T.C. Memo. 1995-191;
Aazami v. Commissioner, T.C. Memo. 1993-436.

Petitioner refused to testify about the capital loss
carryforwards.  Aside from her 1997 and 1998 tax returns,
petitioner offered little evidence to substantiate these losses.
An entry on a tax return does not establish the existence of a
loss.  Halle v. Commissioner, 7 T.C. 245, 250 (1946), affd. 175
F.2d 500 (2d Cir. 1949); Foust v. Commissioner, T.C. Memo. 1995-
481.  Respondent's determination that petitioner is not entitled
to a deduction for capital loss carryforwards is sustained.

3.  Rental Expenses

Section 212 provides a deduction for all ordinary and
necessary expenses paid or incurred with respect to management,
conservation, and maintenance of property held for production of
income, including real property.  Sec. 1.212-1(h), Income Tax
Regs.  Generally, a taxpayer must establish that deductions taken
pursuant to section 212 are ordinary and necessary expenses and
must maintain records sufficient to substantiate the amounts of
the deductions claimed.  Sec. 6001; Meneguzzo v. Commissioner, 43
T.C. 824, 831-832 (1965); sec. 1.6001-1(a), (e), Income Tax Regs.

Respondent disallowed $7,520 of the expenses pertaining to
Primera and $7,744 of the expenses pertaining to Otium.  At
trial, petitioner refused to provide any information at all
pertaining to these expenses.  The Court sustains respondent's

determination that petitioner is not entitled to rental expense deductions in excess of those respondent allowed.

4.   Roth IRA Distribution

A distribution from a Roth IRA is not includable in the owner's gross income if it is a qualified distribution or to the extent that it is a return of the owner's contributions to the Roth IRA.  Sec. 408A(d)(1); sec. 1.408A-6, Q&A-1(b), Income Tax Regs.  Distributions from a Roth IRA that are made within 5 years after an individual made the first contribution to that Roth IRA are not qualified distributions.   Sec. 408A(d)(2)(B).

Petitioner had withdrawn all funds from her Roth IRA by September 21, 1999.  Because this distribution occurred less than 5 years after she opened the account, it is not a qualified distribution.  Thus, the $171 that exceeds petitioner's $2,000 contribution is includable in her income.  See sec. 1.408A-6, Q&A-4, Income Tax Regs.  Respondent is sustained on this issue.

5.   Addition to Tax for Failure To File a Tax Return

Under section 7491(c), the Commissioner has the burden of production in any court proceeding with respect to the liability of any individual for any penalty or addition to tax.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  In order to meet his burden of production, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax for failure to file in the particular case.

Id. at 446.  Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a court that the Commissioner's determination is incorrect.  Id. at 447.

Respondent contends that petitioner is liable for an addition to tax pursuant to section 6651(a)(1).  Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted.  For each month that the return is late the addition equals 5 percent of the tax required to be shown on the return, not to exceed 25 percent.  Sec. 6651(a)(1).  Additions to tax under section 6651(a)(1) are imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.  Sec. 6651(a)(1).  Id.; Crocker v. Commissioner, 92 T.C. 899, 912 (1989).  "Reasonable cause" requires the taxpayer to demonstrate that she exercised ordinary business care and prudence.  United States v. Boyle, 469 U.S. 241, 246 (1985).  "Willful neglect" is defined as a "conscious, intentional failure or reckless indifference."  Id. at 245.

Petitioner admits that she filed her 1999 Federal income tax return on November 28, 2001, after respondent issued a notice of deficiency.  Petitioner did not address this issue on brief or at trial, nor is there any evidence in the record that would lead

the Court to conclude that petitioner had reasonable cause or was not willfully neglectful in not timely filing her 1999 return. See sec. 6651(a)(1).  Respondent's determination as to the section 6651(a)(1) addition to tax is sustained.

To the extent the Court has not addressed other arguments and contentions petitioner raised, the Court finds them to be without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.