T.C. Memo. 2010-37

UNITED STATES TAX COURT

GEORGIA C. FARBER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14681-07.                    Filed February 24, 2010.

<u>Clark Garen</u>, for petitioner.

<u>Michael S. Hensley</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  The issues for decision are whether, relating
to 2003, petitioner is:  (1) Entitled to deduct expenses relating
to her retail activity, (2) entitled to certain itemized
deductions, and (3) liable for an accuracy-related penalty

pursuant to section 6662(a).[1]  The parties submitted this case fully stipulated pursuant to Rule 122.

### Background

In 2003 petitioner was employed as a professor of nursing at Santa Monica Community College and began a retail activity selling candles.  Petitioner did not maintain a general ledger, financial statements, records of insurance, records of appraisal, records of advertising, or a separate bank account relating to her retail activity.  Further, petitioner did not create income and expense worksheets, business or marketing plans, operating budgets, cost-benefit analyses, or financial projections relating to the activity, nor did she obtain a business license or fictitious business name relating to her retail activity.  Expenses relating to petitioner's retail activity were billed to her and paid out of her personal accounts.

On August 13, 2004, petitioner filed her 2003 Federal income tax return (2003 return), which included a Schedule C, Profit or Loss From Business, and a Schedule A, Itemized Deductions.  On Schedule C petitioner reported $2,351 of gross receipts and claimed $33,475 of expense deductions for advertising, insurance, taxes, licenses, travel, utilities, and other expenses relating

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to her retail activity (Schedule C expenses). On Schedule A petitioner deducted charitable contributions, tax preparation fees, and unreimbursed employee expenses. In 2007 respondent conducted an examination of petitioner's 2003 return.

In a notice of deficiency dated June 15, 2007, and relating to petitioner's 2003 return, respondent stated:

> It is determined that you realized neither a gain nor loss from the operation of your candle activity for the tax year ending December 31, 2003. Since you failed to maintain adequate book [sic] and records, we have determined that you have not established that you were carrying on a business within the provisions of the Internal Revenue Code. We are eliminating your reported gross receipts of $2,351.00 and disallowing all of your operating expenses of $33,475.00. Accordingly, your taxable income is increased $31,124.00 for tax year 2003. * * *

Respondent further disallowed, for lack of substantiation, deductions relating to charitable contributions, tax preparation fees, and unreimbursed employee expenses; determined a $5,688 deficiency; and determined a $1,138 section 6662(a) accuracy-related penalty.

On June 27, 2007, petitioner, while residing in California, filed her petition with the Court. Respondent, in his answer filed December 26, 2007, asserted primary and alternative positions which took into account the $2,351 of gross receipts, increased the deficiency to $6,326, and increased the accuracy-related penalty to $1,265. As his primary position, respondent asserted that petitioner's retail activity was a business. As

his alternative position, respondent asserted that petitioner's retail activity "was an activity not engaged in for profit pursuant to * * * [section] 183".

## Discussion

We note at the outset that respondent's determinations in this matter, in both the notice of deficiency and the answer, are confusing and, in certain respects, conflicting. In the notice of deficiency, respondent determined that petitioner was "not * * * carrying on a business". Respondent also stated that he was "eliminating * * * [petitioner's] reported gross receipts of $2,351.00 and disallowing all of * * * [petitioner's] operating expenses of $33,475.00." Respondent's determination was, in essence, a section 183 adjustment (i.e., tantamount to including the gross receipts as income but allowing expenses to the extent of that income). In the answer, however, respondent alleged, as his primary position, that petitioner's retail activity was a business and asserted, as an alternative position, a section 183 adjustment. The parties stipulated a number of issues which relate to whether petitioner was engaged in an activity for profit, yet respondent's primary position is that petitioner's retail activity was a business. We must address both respondent's primary and alternative positions.

Respondent's primary position (i.e., that petitioner was engaged in a business, had gross receipts, and failed to

substantiate her Schedule C expenses) is a new theory that is inconsistent with the original determination and increases the deficiency. Therefore, respondent's primary position is a new matter with respect to which respondent has the burden of proof. See Rule 142; Va. Educ. Fund v. Commissioner, 85 T.C. 743, 751 (1985), affd. per curiam 799 F.2d 903 (4th Cir. 1986); McSpadden v. Commissioner, 50 T.C. 478, 492-493 (1968). Petitioner, on her 2003 return, included gross receipts relating to her retail activity. While respondent met his burden with respect to the gross receipts, he did not establish that petitioner failed to substantiate her Schedule C expenses. Thus, we turn to respondent's alternative position that petitioner was not engaged in an activity for profit.

Various factors may indicate whether a taxpayer had an intent to make a profit. See sec. 1.183-2(b)(1), Income Tax Regs. Petitioner failed to maintain books and records, financial statements, or other documents relating to her retail activity and did not conduct her activity in a businesslike manner. In short, petitioner did not have the requisite intent to make a profit. As previously stated, respondent bears, and has met, his burden with respect to the inclusion of the gross receipts. See Rule 142(a)(1). Petitioner, however, substantiated her expenses relating to her retail activity. Accordingly, pursuant to

section 183(b)(2), she is entitled to deduct these expenses to the extent of the gross income derived from the activity.

Respondent disallowed, for lack of substantiation, petitioner's deductions relating to charitable contributions, tax preparation fees, and unreimbursed employee expenses.[2] With respect to petitioner's claimed charitable contributions, petitioner verified $815 of contributions and is entitled to a deduction of that amount. See sec. 170(a)(1); sec. 1.170A-13(a)(1)(ii), Income Tax Regs. With respect to the tax preparation fees and unreimbursed employee expenses, petitioner's records set forth a number of payments but fail to identify to whom or for what purpose those payments were made. Because the evidence relating to the payment of these expenses is insufficient, petitioner is not entitled to deductions. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

Respondent also determined that petitioner is liable for an accuracy-related penalty pursuant to section 6662(a). Respondent bears, and has met, the burden of production relating to this penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Petitioner failed to exercise due care in reporting

---

[2]Pursuant to sec. 7491(a), taxpayers have the burden of proof unless they introduce credible evidence relating to an issue that would shift the burden to the Commissioner. See Rule 142(a).

her expenses and failed to show that she acted with reasonable cause and in good faith. See secs. 6662(b) and (c), 6664(c); <u>Neely v. Commissioner</u>, 85 T.C. 934, 947 (1985); secs. 1.6662-3(b)(1), 1.6664-4(b)(1), Income Tax Regs. Accordingly, petitioner is liable for the section 6662(a) accuracy-related penalty.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u> <u>under Rule 155</u>.